HORTON, Judge.
The appellant, relator in the court below, brought an action of mandamus against the appellees seeking reinstatement to his position as a police officer for the City of Miami Beach. An alternative writ of mandamus was issued by the lower court. To the alternative writ, the appel-lees filed motion to quash, which motion, after hearing, was sustained by the lower court and final judgment entered quashing the alternative writ. It is from this final judgment that appeal was taken.
The appellant, who had been in the employ of the City of Miami Beach since *350 January, 1950, was á regular employee in •the classified services and his duties were that of a police officer. On July 19, 1956, the appellant was served with notice that he was removed as a police employee of the City of Miami Beach by the chief of police, effective July 20, 1956. Appended to the notice of removal was a specification of charges upon which the removal was based. In general, the appellant was charged with conduct unbecoming an employee of the city. Specifically, he was charged with stopping an official car belonging to the City of Miami Beach and falsely and maliciously placing under arrest the operator thereof upon a charge that said operator had violated a traffic ordinance of the City of Miami Beach, to-wit: the failure to stop at a street intersection. It was further charged that the car was operated by the City of Miami Beach for the convenience of guests of the city and that at the time of the appellant’s alleged false charge and arrest of the operator of the city car, said operator was transporting two guests of the city on an official mission under orders from the mayor; that the appellant knew that the arrest of the operator of the city car would hinder, delay and prevent the performance of the operator’s official mission to the detriment of the city.
Based on the foregoing charges and pursuant to the provisions of Chapter 27735, Section 8, Special Acts of 1951, Laws of Florida, a hearing was had before the Miami Beach Civil Service Board on August 2, 1956, for the purpose of determining the truth of the charges against the ' appellant. After hearing testimony and considering the evidence submitted, the Board found that the charges made against the appellant had been substantiated and, in effect, upheld the removal order theretofore issued by the chief of police of Miami Beach.
The gravamen of the charges against the appellant was that he had falsely and maliciously accused and charged the operator of the city car with violating a traffic ordinance of the City of Miami Beach. There was offered and admitted into evidence at the appellant’s trial before the Board a memorandum dated May 21, 1956, by Captain Stewart of the Miami Beach Police Department, that all persons involved in moving violations who did not have current driver’s licenses were to be brought to the station and booked. The testimony shows that the appellant requested the driver’s license of the operator of the city car at the time that he stopped him and was shown a 1955 driver’s license which had expired, and on this basis, following the dictates of the orders of his superior, the appellant placed the operator of the city automobile under arrest and took him to the police station to be booked. After arriving at the police station, the operator of the city car located his 1956 driver’s license, exhibited it to the appellant and no charge for failure to have a driver’s license was made by the appellant against the operator. A charge of failing to stop at a street intersection was lodged against the operator, he was brought into municipal court on the latter charge, pleaded not guilty, was found guilty by the court and fined $10. No appeal was taken from that conviction.
Two guests who were being transported in the city car at the time the incident occurred testified before the Board that the operator of the city automobile did stop at the intersection; that when the appellant stopped the operator of the city automobile and placed him under arrest, he, the appellant, in order to require the operator to accompany him to the police station, threatened to shoot the tires off the city-owned automobile. The appellant admits that he made such a statement, but says that it was made when the operator of the city car indicated that he was not going to comply with the appellant’s request to go to the police station. Other evidence in the record indicates that the appellant may have been prejudiced against the operator as shown by his statements concerning the operator of the city-owned *351 automobile at prior Board meetings. It was evident also that the operator of the city automobile had on at least two prior occasions some difficulty with a law enforcement officer of another agency and with law enforcement officers of his own agency other than the appellant.
Although the appellant has assigned three grounds for reversal of the final judgment appealed from, we deem it necessary only to decide what we consider to be the basic question, that is, whether or not the appellant’s actions as described in the charges constituted just cause for his removal. In our opinion, this question demands a negative answer.
The appellant’s case would in some particulars appear to parallel the case of Hammond v. Curry, 1S3 Fla. 245, 14 So.2d 390, 393. Hammond, a member of the vice squad of the Police Department of the City of Miami, received a directive from his immediate superior to locate a woman who was reportedly soliciting for prostitution on one of the street corners of the City of Miami. Hammond was furnished with her description by his superior. Hammond observed a woman fitting the description furnished by his superior walking along one of the streets of Miami late one evening. He accosted her in an attempt to ascertain if she was the person about whom his superior was concerned and apparently walked several blocks with her before identifying himself as a police officer. Upon learning that he was a police officer the woman refused to identify herself and was taken by Hammond to the police station. It was later revealed after she arrived at the police station with Hammond that she was a woman of good reputation and was not the woman that Hammond’s superior had described to him. The basis of the charge which resulted in Hammond’s removal from the force in substance was that he had classified the woman as a prostitute after discovering that her reputation was good and that she could not have been the woman of whom his superior had spoken. He brought mandamus proceedings. An alternative writ issued and upon motion of the city to quash, a judgment was entered quashing the alternative writ and upholding Hammond’s ouster as a police officer of the City of Miami. In reviewing that judgment, the Supreme Court of Florida said:
“It is important to recall, in this connection, the instructions given by the sergeant and the vice squad to the relator that the woman whose description coincided with hers should be apprehended because diseased. Taking into account this order from a superior officer and the purpose intended by its execution, we cannot conceive how a report by the relator to the department to which he owed allegiance, indicating obedience to that order, could form just cause for discharge.”
It would seem novel indeed to say that a public employee who discharges the duties imposed upon him by his employer is by reason thereof subject to discharge and loss of valuable rights. To state the proposition is sufficient to demonstrate its evils.
The appellant not only was discharging duties normally imposed upon police officers, but in arresting the operator of the city car acted in specific compliance with prior orders of his superior. No showing has been made that either the operator or the automobile owned by the City of Miami Beach was exempt from the observance of traffic ordinances of that city, and in the absence of such showing we assume that the operator was held to the same degree of observance of traffic regulations as any other citizen. It may be that the City of Miami Beach was embarrassed in the eyes of its guests by the conduct and the actions of the appellant; nevertheless, we cannot hazard a guess that such was the criteria upon which the city based the appellant’s removal.
As the Supreme Court of our state has said in Kennett v. Barber, 159 Fla. 81, 31 So.2d 44, 46:
*352 “In reaching its determination of whether or not one has been ‘guilty of conduct unbecoming a City employee’ the city cannot act on an arbitrary or capricious judgment, neither must it act on a judgment shrouded in the fog of bias and skepticism. Such judgment must above all be one illuminated by the light of truth and justice.”
Upon the record as a whole before this court, it does not appear that the charges made against the appellant constituted just cause for removal and it therefore follows that the judgment quashing the alternative writ should be and it is hereby reversed, and remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
CARROLL, CHAS., C. J., and PEARSON, J., concur.